# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:22-CR-122-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| LUIS RAMIREZ AVILA, ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the most recent "Violation Report" filed by the United States Probation Office in this matter (Document No. 18). The case came on for a contested hearing before the undersigned on November 4, 2022. Defendant was represented by his appointed counsel, Assistant Federal Defender Erin Taylor; Assistant United States Attorney Kimlani Ford represented the Government. Following a spirited hearing, the Court took the matter under advisement. Having now carefully reviewed the matter, the Court finds that Defendant violated the terms of his pretrial release and will order that he now be <u>detained</u>.

## Background

On May 17, 2022, Defendant was indicted on three counts of receipt of child pornography under 18 U.S.C. § 2252A(a)(2) and (b)(1). (Document No. 3). The Government's lawyer argued at the November 4 hearing that it could have charged "production" of child pornography instead, based on the Defendant's alleged conduct. While Defendant is presumed innocent of these charges, under the Bail Reform Act, the presumption of detention arises from these charges. <u>See</u> 18 U.S.C. § 3142(f)(1). Notwithstanding, following a contested detention hearing on June 21, 2022, Defendant was ordered released on a $25,000 unsecured bond under a number of conditions.

(Document Nos. 8, 9). Those conditions included home detention with location monitoring, as well as some sex offender conditions. Id. Optional sex offender condition #5, which the Magistrate Judge imposed as part of the bond, states that "defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer." Id.

Less than one month later, on August 15, 2022, the United States Probation Office filed its first "Violation Report" in this case. (Document No. 15). In it, U.S. Probation alleged that Defendant had accessed his boyfriend's cell phone while he was asleep and communicated with an adult male subject he met on Tinder. Id. Defendant acknowledged the conduct, which involved the use of a device that was Internet-capable and not monitored. Id. U.S. Probation, in its discretion, verbally reprimanded the Defendant but recommended that the Court take no formal action at that time.

**Latest Violation**

According to the pending second "Violation Report," Defendant is alleged to have violated the conditions of his bond by using or possessing Internet-accessible electronic devices that were not previously approved for use or possession by the United States Probation Office. (Document No. 18, p. 1). At the November 4 hearing, the Government presented the testimony of U.S. Probation Officer Chelsey Padilla, who testified under oath regarding her and her office's supervision of Defendant and the alleged violations. See (Document No. 18). She was subjected to a spirited cross-examination by Ms. Taylor, but that cross-examination did not obscure some basic facts. There was ample evidence presented that Defendant had access to a number of unmonitored devices, including the cell phone used by his autistic younger brother, his boyfriend's

cell phone, a laptop, and a video game console. Despite the hand-wringing at the hearing over some of the details, it is clear to the undersigned that Defendant's involvement with some or all of these devices was in violation of the terms of his pretrial release – optional sex offender condition #5 at the very least.

What's more, it is also clear that pretrial release is no longer possible for Defendant. He is charged with serious child pornography offenses from which the presumption of detention arises. Based on the circumstances as they existed at the threshold of the case, bond was appropriately set in this matter. Defendant has now squandered that opportunity. The Court would note in support of this conclusion not only the aforementioned conduct in violation of his bond, but also evidence presented by the Government at the November 4 hearing regarding an image and message sent by Defendant on his own phone during this time period.

**IT IS, THEREFORE, ORDERED** that Defendant's bond is **REVOKED** and he is hereby ordered **DETAINED**.

**SO ORDERED**.

Signed: November 8, 2022

David C. Keesler
United States Magistrate Judge